**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UMH PROPERTIES, INC. et al.,**

                    **Plaintiffs,**

                    **v.**

**VILLAGE OF COXSACKIE et al.,**

                    **Defendants.**
_____

**1:18-cv-1182**
**(GLS/ATB)**

## **SUMMARY ORDER**

Plaintiffs UMH Properties, Inc. and UMH of Coxsackie, LLC (collectively "UMH") bring this action against defendants Village of Coxsackie, Village of Coxsackie Mayor Mark Evans in his official capacity, and the Village of Coxsackie Board of Trustees (hereinafter "the Board"). (Compl., Dkt. No. 1.) UMH asserts causes of action under (1) the Fair Housing Act (FHA)[1] § 3604, (2) FHA § 3617, (3) N.Y. C.P.L.R. 3001, and (4) N.Y. C.P.L.R. art. 78[2] (Article 78). (*Id.* ¶¶ 122-45.) Pending is defendants' partial motion for judgment on the pleadings seeking dismissal of UMH's third and fourth causes of action, as well as all causes of action

___

[1] *See* 42 U.S.C. §§ 3601-3619, 3631.

[2] *See* N.Y. C.P.L.R. 7801-06.

against the Board. (Dkt. No. 20, Attach. 1 at 1.) For the following reasons, defendants' motion is granted.

Defendants argue that UMH's third cause of action should be dismissed because N.Y. C.P.L.R. 3001, which pertains to declaratory judgments, does not apply to federal court proceedings. (*Id.* at 2-3.) UMH responds that federal courts have recognized their authority to decide state law questions raised under C.P.L.R. 3001. (Dkt. No. 28 at 13-15.) The court agrees with defendants.

C.P.L.R. "3001 'does not apply to federal court proceedings.'" *Buck v. Libous*, No. 302CV1142, 2005 WL 1460408, at *9 (N.D.N.Y. June 20, 2005) (quoting *Phoenix Home Life Mut. Ins. Co. v. Brown*, No. 93–CV–990, 1997 WL 627637, at *4 n.8 (W.D.N.Y. Oct. 7, 1997)); *see Gustavia Home, LLC v. Rutty*, 16-cv-2823, 2018 WL 2198742, at *2, *5 (E.D.N.Y. May 14, 2018), *appeal filed*, No. 18-1771 (2d Cir. June 14, 2018); *see also* C.P.L.R. 3001 ("*The supreme court* [*of the State of New York*] may render a declaratory judgment[.]") (emphasis added).

UMH cites only one case in support of its argument that "[c]ourts in this District and other New York federal courts have recognized their authority to decide state law questions raised under . . . [C.P.L.R.] 3001."

2

(Dkt. No. 28 at 13 (citing *Riano v. Town of Schroeppel*, No. 5:13–cv–352, 2013 WL 5702263, at *3 (N.D.N.Y. Oct. 18, 2013)).) In *Riano*, the plaintiff sought a declaration under C.P.L.R. 3001. *See* 2013 WL 5702263, at *3. Ostensibly, the *Riano* court concluded that it may exercise supplemental jurisdiction over the C.P.L.R. 3001 claim, although it ultimately declined to exercise jurisdiction. *See id.* at *8-9. However, the court was deciding a motion to remand and focused on jurisdiction; it did not explicitly address the viability of a C.P.L.R. 3001 claim before it.[3] *See id.* at *1, *7-10. Regardless, *Riano* standing alone does not countermand the authorities cited above, which are clearer on the subject.[4]

UMH also argues that "even if [d]efendants are correct that this [c]ourt cannot grant declaratory relief under . . . [C.P.L.R.] 3001, the [c]ourt may nevertheless accept supplemental jurisdiction over [its] underlying

---

[3] In *Riano*, the parties did not mention C.P.L.R. 3001 in their submissions to the court. *See Riano*, No. 5:13–cv–352 at Dkt. No. 3, Attach. 2; Dkt. No. 6; Dkt. No. 7, Attach 2.

[4] Because it is being dismissed, the court need not and does not reach the parties' arguments regarding the exercise of supplemental jurisdiction over UMH's third cause of action. (Dkt. No. 28 at 7-13; Dkt. No. 30 at 2-3.) The same goes for defendants' notice of claim arguments, which were raised for the first time in their reply. *See Carpenter v. Mohawk Valley Cmty. Coll.*, 6:18-cv-1268, 2019 WL 3338845, at *1 (N.D.N.Y. July 25, 2019).

state constitutional claim." (Dkt. No. 28 at 13.) But UMH offers no authority for that proposition nor an explanation for why the court should disregard that its third cause of action was brought specifically pursuant to C.P.L.R. 3001. (Compl. at 29.) The court is not going to read alternative theories into UMH's third cause of action as if it were a *pro se* litigant.

UMH seems to see the writing on the wall in its response. "If the [c]ourt finds that [UMH] incorrectly pleaded the state constitutional claim by referencing . . . [C.P.L.R.] 3001 in the[] third cause of action, [UMH] request[s] leave of the [c]ourt to amend [its] complaint[.]" (Dkt. No. 28 at 14-15.) That request is denied. UMH failed to file a cross-motion pursuant to N.D.N.Y. L.R. 7.1(c) or comply with 7.1(a)(4), which states that "[a] party moving to amend a pleading pursuant to Fed. R. Civ. P. . . . 15 . . . must attach an unsigned copy of the proposed amended pleading to its motion papers." *See Cummings v. FCA US LLC*, 5:18-CV-1072, 2019 WL 3494733, at *21 (N.D.N.Y. Aug. 1, 2019) (denying request to amend for failure to comply with L.R. 7.1(a)(4) "because the [c]ourt has absolutely no idea what [a]mended [c]omplaint [p]laintiff would file").

However, the court does not conclude that the defect in UMH's third cause of action—namely, that it is brought pursuant to C.P.L.R.

4

3001—renders amendment futile. *See Cummings*, 2019 WL 3494733, at *21 (denying request to amend made within response to motion to dismiss but without prejudice to file proper motion to amend because defects in dismissed claims were not fatal such that amendment would be futile). UMH seeks to bring a claim under the New York Constitution, (Dkt. No. 28 at 14-15), and defendants do not argue that such a claim would be futile, (Dkt. No. 30 at 1-6). Thus, UMH's request for leave to amend, (Dkt. No. 28 at 14-15), is denied but with leave to renew in full compliance with the Local Rules. Of course, if UMH files a motion to amend, defendants may oppose it.

Defendants argue that UMH's fourth cause of action under Article 78 is untimely. (Dkt. No. 20, Attach. 1 at 3-4.) UMH responds that it "agree[s] to voluntarily dismiss the[] . . . [f]ourth [c]ause of [a]ction . . . , and intend[s] to file a stipulation or notice of dismissal . . . in the near future." (Dkt. No. 28.) That response was filed February 6, 2019; over six months later, UMH has not filed a stipulation or notice of dismissal. As UMH does not oppose defendants' facially-meritorious timeliness argument, the fourth cause of action is dismissed. *See Johnson v. Lew*, No. 1:13–CV–1072, 2015 WL 4496363, at *5 & n.6 (N.D.N.Y. July 23, 2015).

5

Finally, defendants argue that the Board is an entity without capacity to be sued. (Dkt. No. 20, Attach. 1 at 5-6.) UMH agrees that the Board cannot be sued in an action at law but argues that the Board is a proper defendant vis-à-vis its declaratory and injunctive relief claims. (Dkt. No. 28 at 15 (citing *Searingtown Corp. v. Incorporated Village of North Hills*, 575 F. Supp. 1295, 1298 n.1 (E.D.N.Y. 1981) & *Peekskill Suburbs, Inc. v. Morabito*, 74 A.D.2d 843, 843 (2d Dep't 1980)).) The court agrees with defendants because *Morabito* and *Searingtown* are distinguishable and do not reflect that, under New York law, a village board lacks the capacity to sue or be sued. *See Willard v. Town of Hamburg*, No. 96–CV–187, 1996 WL 607100, at *2 (W.D.N.Y. Sept. 30, 1996); *see also Walker v. U.S. Marshals*, No. 08-CV-959, 2009 WL 261527, at *2 (E.D.N.Y. Feb. 4, 2009) (citing *Willard*).

Accordingly, it is hereby

**ORDERED** that defendants' partial motion for judgment on the pleadings (Dkt. No. 20) is **GRANTED**; and it is further

**ORDERED** that UMH's third and fourth causes of action (Compl. ¶¶ 134-45) are **DISMISSED**; and it is further

**ORDERED** that all of UMH's causes of action against the Village of

Coxsackie Board of Trustees (Compl. ¶¶ 122-45) are **DISMISSED**; and it is further

**ORDERED** that the Clerk terminate the Village of Coxsackie Board of Trustees from this action; and it is further

**ORDERED** that UMH's request for leave to amend (Dkt. No. 28 at 14-15) is **DENIED WITH LEAVE TO RENEW** in full compliance with the Local Rules; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Andrew T. Baxter to schedule further proceedings in accordance with this Summary Order; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

August 20, 2019
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge